# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CONSOLIDATED, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N22C-06-084 CEB |
| | ) | |
| GFP CEMENT CONTRACTORS, | ) | |
| LLC, and ATLANTIC STATES | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: May 25, 2023
Decided: July 07, 2023

## ORDER

*Order on Motion of Defendant GFP Cement Contractors LLC for Reargument*
**DENIED**.

Kevin S. Mann, Esquire, and Christopher P. Simon, Esquire, CROSS & SIMON, LLC, Wilmington, Delaware. *Attorneys for Plaintiff Consolidated, LLC.*

Krista M. Reale, Esquire, and Tara D. McManamy, Esquire, MARGOLIS EDELSTEIN, Wilmington, Delaware. *Attorneys for Defendant GFP Cement Contractors, LLC.*

**BUTLER, R.J**

Upon consideration of the motion filed by Defendant GFP Cement Contractors, LLC ("GFP") for reargument of this Court's May 15, 2023 decision granting partial summary judgment for Plaintiff Consolidated, LLC ("Consolidated"), it appears to the Court:

1. GFP was unsuccessful in its defense of a motion by Consolidated for summary judgment. GFP now asks the Court to revisit its ruling by way of a motion for reargument pursuant to Rule 59(e).[1] The Court assumes the reader's familiarity with the Court's initial ruling and so only recounts the background relevant to affirming that ruling.[2]

2. In their contract, the parties agreed that GFP would indemnify Consolidated for "any and all damages" "arising out of, relating to, or resulting in any way from" any "damage or loss" that is "claimed to result in whole or in part from any actual [or] alleged" "act or omission of any of its. . . contractors."[3]

3. GFP does not dispute that Commercial Ready Mix Products, Inc. ("CRMP") was its contractor and does not dispute that a CRMP cement truck rolled over causing damage to the Owner's property. And GFP has produced nothing that contradicts an affidavit from Consolidated indicating that the Owner charged

---

[1] Super. Ct. Civ. R. 59(e).
[2] The Court directs the unfamiliar reader to *Consolidated, LLC v. GFP Cement Contractors, LLC*, 2023 WL 3496188 (Del. Super. May 15, 2023).
[3] Ex. A to Compl. § M, D.I. 1.

Consolidated $160,131.86 as compensation for the damage to the Owner's property resulting from the clean-up from the CRMP cement truck mishap.[4]

4. GFP wants to litigate the bona fides of the Owner's damage claim. It wants to examine whether CRMP "caused" damage to the Owner's property, or whether Consolidated was somehow to blame for the cement truck tipping over.[5]

5. If there was no indemnification agreement, a causation inquiry might be necessary. If GFP had not agreed to compensate Consolidated for any and all claims, whether actually *or allegedly* caused by its contractors, the Court might well have denied Consolidated's motion and required discovery on causation and damages. But that was not the deal that GFP made with Consolidated.

6. The Court adheres to its view that, once the Owner charged Consolidated the remediation expense from the CRMP truck clean up, Consolidated suffered a "damage or loss" as the result of an act by GFP's contractor. If the Owner's charge was unwarranted or improper somehow, GFP may well have rights against the Owner for causing GFP the burden of making Consolidated whole under the indemnification clause. But that is not this case. GFP has proffered no evidence or argument that the CRMP truck did not have a mishap, or that the Owner did not withhold the expense out of its account payable to Consolidated. Neither has it

---

[4] Ex. A to Pl.'s Mot. for Summ. J., D.I. 24.
[5] Def.'s Mot. for Rearg. ¶ 6, D.I. 49.

rebutted Consolidated's affidavit and accompanying invoice from the Owner in the amount of $160,131.86, representing the cost of clean-up. In short, GFP has not placed a material fact in issue that would deny Consolidated summary judgment.

7. After the Court's ruling on May 15, GFP advised the Court that Consolidated never paid GFP under the contract and, moreover, the indemnification obligation exceeds the value of the contract even if GFP had been paid.[6] The indemnification provision, however, contained no limitation to the contract's value or to timely payment by Consolidated. Nor was any counterclaim or set-off pled against Consolidated. These allegations are not relevant to the Court's analysis and thus the Court sees no reason to permit reargument.

8. For the foregoing reasons, GFP's motion for reargument is **DENIED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

---

[6] *Id.* ¶ 10; Def.'s Mot. to Am. ¶ 7, D.I. 60.